See Vernon's Texas Crim. Statutes, vol. 2, p. 189; Fields v. State, 68 Tex. Cr. R. 606, 151 S. W. 1051.

[2, 3] Nor does the law, as we conceive it, sustain the view that the description of the indictment in the instant case: "State of Texas versus ————. Murder No. 2373"— is inadequate to identify the indictment in question, which charged the offense of murder and bore the number coinciding with that in the order mentioned. From this order it is made apparent that the indictment was presented in court on the 23d day of May, 1921, a time which was subsequent to that upon which the offense was laid. The statute makes it imperative that the indictment state the time of the offense, and that the time stated be anterior to that upon which the indictment was presented. In the instant case, it is manifest that this essential thing has been done.

[4] The sufficiency of the evidence is challenged upon the proposition that the corpus delicti was not established. A witness describing the incidents of the homicide said that at the time the deceased was killed he was driving a team; that he heard the report of a gun, saw the smoke of a gun, and saw the deceased fall. The mother of the deceased testified in these words:

"Nelson West is dead, and he died on the 15th day of April, 1921. The cause of his death was a gunshot wound. He was shot on the 15th day of April, 1921. He was shot right there—it went in right there on one side and came out on the other. * * * After he was shot, we brought him here that evening. He died here in the City Hospital the same day he was shot."

Appellant testified that he shot the deceased, and detailed facts supporting the theory of self-defense. The court in its charge predicated the right of the jury to convict upon their finding that the appellant shot and killed the deceased.

We regard the evidence that the deceased died from the wounds inflicted by the appellant sufficient to support the finding of the jury to that effect.

No errors appearing, the judgment is affirmed.

═══════

### WAGNER v. STATE.    (No. 6812.)

(Court of Criminal Appeals of Texas.    Feb. 1, 1922.)

Criminal law ⚖═1131(1)—Appeal dismissed on appellant's motion verified by affidavit.

An appeal must be dismissed on appellant's motion therefor, duly verified by his affidavit.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

John E. Wagner was convicted of burglary, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for burglary; punishment fixed at confinement in the penitentiary for two years.

Responding to appellant's motion to withdraw his appeal, which is duly verified by his affidavit, the dismissal of the appeal is ordered.